1  PACIFIC TRIAL ATTORNEYS
   A Professional Corporation
2  Scott J. Ferrell, Bar No. 202091
   sferrell@pacifictrialattorneys.com
3  4100 Newport Place Drive, Ste. 800
   Newport Beach, CA  92660
4  Tel: (949) 706-6464
   Fax: (949) 706-6469
5
   Attorneys for Plaintiff
6

7              **UNITED STATES DISTRICT COURT**

8              **CENTRAL DISTRICT OF CALIFORNIA**

9

10 INEZ   VASQUEZ-COSSIO,   individually    Case No.  8:18-cv-00397
   and  on  behalf  of  all  others  similarly
11 situated,                                  CLASS ACTION COMPLAINT FOR:

12              Plaintiff,                     1. VIOLATIONS OF CALIFORNIA'S.
                                                 AUTOMATIC RENEWAL LAW
13              v.                                (BUSINESS AND PROFESSIONS
                                                 CODE §§ 17600-17604); and
14 FACTOR75, LLC, a Delaware limited          2. VIOLATIONS OF CALIFORNIA'S
   liability company; and DOES 1 – 10,           UNFAIR COMPETITION LAW
15 inclusive,                                    (BUSINESS AND PROFESSIONS
                                                 CODE §§ 17200-17204).
16              Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

Plaintiff Inez Vasquez-Cossio ("Plaintiff"), on behalf of herself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION & OVERVIEW OF CLAIMS

1.      Plaintiff brings this class action on behalf of herself and a class of others similarly situated consisting of all persons in the United States who, within the applicable statute of limitations period up to and including the date of judgment in this action, purchased subscriptions for any products (such as ready-made meals) from Factor75, LLC, a Delaware limited liability company, formerly Optimal Performance, LLC, an Illinois limited liability company  (''Defendant").   The class of others similarly situated to Plaintiff is referred to herein as "Class Members."  The claims for damages, restitution, injunctive and/or other equitable relief, and reasonable attorneys' fees and costs arise under California Business and Professions Code (hereinafter "Cal. Bus. & Prof. Code") §§ 17602, 17603, and 17604) and 17200, *et seq.*, and California Code of Civil Procedure § 1021.5.  Plaintiff and Class Members are consumers for purposes of Cal. Bus. & Prof. Code §§ 17600-17606.

2.      During the Class Period, Defendant made automatic renewal or continuous service offers to consumers in and throughout the United States and failed to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer in violation of Cal. Bus. & Prof. Code §§ 17602(a)(3) and 17602(b).  As a result, all goods, wares, merchandise, or products sent to Plaintiff and Class Members under the automatic renewal of continuous service agreements are deemed to be an unconditional gift pursuant to Cal. Bus. & Prof. Code § 17603.

3.      As a result of the above, Plaintiff, on behalf of herself and Class Members, seeks damages, restitution, declaratory relief, injunctive relief and reasonable attorneys' fees and costs pursuant to Cal. Bus. & Prof. Code, §§ 17603, 17203, and 17204, and Code of Civil Procedure § 1021.5.

**JURISDICTION AND VENUE**

4.      This Court has diversity jurisdiction over this class action pursuant to 28 U.S.C. § 1332 as amended by the Class Action Fairness Act of 2005 because the amount in controversy exceeds five million dollars ($5,000,000.00), exclusive of interest and costs, and is a class action in which some members of the class are citizens of different states than Defendant.  *See* 28 U.S.C. § 1332(d)(2)(A).

5.      This Court also has personal jurisdiction over Defendant because Defendant currently does business in this state.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in this District and a substantial portion of the conduct complained of herein occurred in this District.

**PARTIES**

7.      Plaintiff purchased a subscription plan from Defendant in California during the Class Period.  Plaintiff and Class Members are consumers as defined under Cal. Bus. & Prof. Code § 17601(d).

8.      Plaintiff is informed and believes, and upon such information and belief alleges, that Defendant Factor75, LLC is a Delaware limited liability company with its principal places of business located in Batavia, Illinois and Chicago, Illinois. Defendant operates in California and has done business throughout California and throughout the United States at all times during the Class Period.  Also during the Class Period, Defendant made automatic renewal or continuous service offers to consumers in California and throughout the United States.   Defendant operates a website which markets subscriptions for ready-made meals and related products.

9.      The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of

Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

10.     At all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of the Defendants.  Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants (Factor75, LLC and DOE Defendants will hereafter collectively be referred to as "Defendant").

<b>FACTUAL BACKGROUND</b>

<u>California Business Professions Code §§ 17600-17606</u>

11.     On December 1, 2010, sections 17600-17606 of the Cal. Bus. & Prof. Code came into effect.  The Legislature's stated intent for this Article was to end the practice of ongoing charges to consumers' Payment Methods without consumers' explicit consent for ongoing shipments of a product or ongoing deliveries of service. *See* Cal. Bus. & Prof. Code § 17600.

12.     Cal. Bus. & Prof. Code § 17602(a) makes it unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to do, among other things, the following:

> (3)     Fail to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer. If the offer includes a free trial, the business shall also disclose in the acknowledgment how to cancel and allow the consumer to cancel before the consumer pays for the goods or services.

13.     Cal. Bus. & Prof. Code § 17601(a) defines the term "Automatic renewal" as a "plan or arrangement in which a paid subscription or purchasing agreement is automatically renewed at the end of a definite term for a subsequent term."

14.     Cal. Bus. & Prof. Code § 17601(b) defines the term "Automatic renewal offer terms" as "the following clear and conspicuous disclosures: (1) That the subscription or purchasing agreement will continue until the consumer cancels. (2) The description of the cancelation policy that applies to the offer. (3) The recurring charges that will be charged to the consumer's credit or debit card or payment account with a third party as part of the automatic renewal plan or arrangement, and that the amount of the charge may change, if that is the case, and the amount to which the charge will change, if known. (4) The length of the automatic renewal term or that the service is continuous, unless the length of the tern is chosen by the consumer. (5) The minimum purchase obligation, if any."

15.     Pursuant to Cal. Bus. & Prof. Code § 17601(c), "clear and conspicuous" or "clearly and conspicuously'' means "in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbol ls or other marks, in a manner that clearly calls attention to the language."

16.     Section 17602(b) provides: "A business making automatic renewal or continuous service offers shall provide a toll-free telephone number, electronic mail address, a postal address only when the seller directly bills the consumer, or another cost-effective, timely, and easy-to-use mechanism for cancellation that shall be described in the acknowledgment specified in paragraph (3) of subdivision (a)."

17.     Section 17603 of Cal. Bus. & Prof. Code provides: "In any case in which a business sends any goods, wares, merchandise, or products to a consumer, under a continuous service agreement or automatic renewal of a purchase, without first obtaining the consumer's affirmative consent as described in Section 17602, the goods, wares, merchandise, or products shall for all purposes be deemed an unconditional gift to the consumer, who may use or dispose of the same in any manner he or she sees fit without any obligation whatsoever on the consumer's part to the business, including.

but not limited to, bearing the cost of, or responsibility for, shipping any goods, wares, merchandise, or products to the business."

18. The courts have recognized a private right of action under sections 17600-17606 of the Cal. Bus. & Prof. Code (the "Automatic Renewal Law" or "ARL"). In *Kissel v. Code 42 Software, Inc.* 2016 WL 7647691 (C.D. Cal. Apr. 14, 2016), the Court held that "in viewing the statutory text of the ARL as well as the statutory scheme of which it is a part, we conclude that the ARL reflects a clear legislative intent to provide a private right of action." (*Id.* at *7.)

**Defendant's Business**

19. At all relevant times, Defendant provided, among other things, weekly subscription programs for **ready-made meals**, and related **products**. Defendant's services plan constitutes an automatic renewal and/or continuous service plan or arrangement for the purposes of Cal. Bus. & Prof. Code § 17601.

**Defendant Failed to Provide an Acknowledgment as Required by Cal. Bus. & Prof. Code §§ 17602(a)(3) and 17602(b)**

20. After Plaintiff and Class Members subscribed to one of Defendant's subscription plans, Defendant sent to Plaintiff and Class Members emails entitled "**Your first Factor 75 order!**" and "**Please review your upcoming order**." However, Defendant has failed, and continues to fail, to provide an acknowledgement that includes the automatic renewal or continuous service offer terms, cancellation policy, and information on how to cancel in a manner that is capable of being retained by Plaintiff and Class Members in violation of Cal. Bus. & Prof. Code §§ 17602(a)(3) and 17602(b). Moreover, Defendant failed to provide Plaintiff and Class Members with an acknowledgement regarding how to cancel the subscription and allow Plaintiff and Class Members to cancel before payment.

/ / /

/ / /

/ / /

From: **Orders at Factor 75 <**order@factor75.com**>**
Date:
Subject: Your first Factor 75 order!
To:



Hey        ,
Congratulations on placing your first Factor 75 order, we're excited to be a part of your health and fitness journey!
You are set to receive orders each Wednesday starting Wednesday, February 22.

## Your Order Details

Your first order will be delivered via FedEx 2-Day Express on **Wednesday, February 22** between the hours of 9am
and 8pm, ready to boost your performance in all areas of life.
*Note: Our executive chef has already begun ordering ingredients for these meals, ensuring the highest quality*
*possible. As such, this order cannot be modified or cancelled.*

**Delivering to:**

**Your meals:**

| Meals | Quantity |
|---|---|
| Chicken Tandoori | 1 |

CERTIFICATE OF SERVICE

1
2

Oven Roasted Pork Tenderloin with Pineapple Salsa                                    1

3
4

Taco Bowl                                    1

5
6

Mongolian Beef & Broccoli                                    1

7
8

Butternut Squash Lasagna                                    1

9
10

 Vegetarian Chili                                    1

11
12
13
14

| | |
|---|---|
| Items (6) | $77.00 |
| Discount Applied | -$0.00 |
| FedEx | $45.00 |
| Subtotal | $122.00 |
| Tax % | $0.00 |
| **Order Total** | **$122.00** |

15   ## Questions?

16   Simply reply to this email and a member of our Customer Experience Team will help you out! You can also reach us anytime at help@factor75.com or by calling 1-888-573-5727.

17   Happy Eating!

18   The Factor 75 Team

19
20   FACTOR 75   All Content © 2016 Factor 75, LLC. All Rights Reserved. All trademarks not owned by Factor 75 that appear on this site are the property of their respective owners.

21
22
23
24
25
26
27
28

CERTIFICATE OF SERVICE

From: **Factor 75 Kitchen** <help@factor75.com>
Date:
Subject: Please review your upcoming order.
To:



| Click here to try it out |
| --- |

Hey
This week's order will be placed Wednesday night at 11:59pm CT. Be sure to make any changes now.
*Note: Once the order is placed, it cannot be modified or cancelled.*
As always, they'll be delivered right to your door so you can eat healthy without worrying about shopping, prepping, cooking, or cleaning. Now you've got time. Go do something legendary! :-)
**Please review your upcoming order below.**

Edit Your Next Order

Next delivery scheduled for: <u>**Wednesday, March 08, 2017**</u>



| Meals | Quantity |
| --- | --- |
| Oven Roasted Turkey Breast with Grain Free Stuffing and Cranberry Chutney | 1 |
| Mongolian Beef & Broccoli | 1 |

- 8 -



Vegetarian Quinoa Paella                                      1

Duck and Pomegranate Stew                                    1

Paleo Teriyaki Salmon                                        1

Steak with Tomato Basil Salsa                                1

|                    | 6 Meals   | $77.00  |
|--------------------|-----------|---------|
|                    | Discount Applied | -$0.00 |
|                    |           | $45.00  |
|                    | Tax       | $0.00   |
|                    | **Order Total** | **$122.00** |

**Shipping Address**

**Delivery Instructions:**

**Credit Card**

Edit Your Next Delivery
*you can make changes until 11:59pm CT Wednesday.*

**EAT FOR FREE!**
Get $20 off for each friend you refer. Give $20 off to each friend you invite.
Get 2 meals free! >>

All Content © 2016 Factor 75, LLC. All Rights Reserved. All trademarks not owned by Factor 75 that appear on this site are the property of their respective owners.

## CLASS ACTION ALLEGATIONS

21.    Plaintiff brings this action, on behalf of herself and all others similarly situated, as a class action pursuant to Rule 23(a) of the Federal Rules of Civil Procedure. The proposed Class (the "Class") that Plaintiff seeks to represent is composed of and defined as:

"**All persons within California that, within the applicable statute of limitations period, up to and including the date of judgment in this action, purchased any product or service in response to an offer constituting an "Automatic Renewal" as defined by § 17601(a) of the Business and Professions Code from Optimal Performance LLC dba Factor 75, its predecessors, or its affiliates**."

22.     This action is brought and may be properly maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23(a)(1)-(4) and 23(b)(1)-(3).   This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements of those provisions.

23.     [Fed. R. Civ. P. 23(a)(1)]   The Class is so numerous that the individual joinder of all of its members is impractical.   While the exact number and identities of Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes the Class includes hundreds of thousands of members.   Plaintiff alleges that the Class may be ascertained by the records maintained by Defendant.

24.     [Fed. R. Civ. P. 23(a)(2)] Common questions of fact and law exist as to all members of the Class that predominate over any questions affecting only individual members of the Class.   These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

        i)     Whether Defendant failed to provide an acknowledgement that included the automatic renewal or continuous service offer terms, cancellation policy, and information on how to cancel in a manner that is capable of being retained by Plaintiff and Class Members, in violation of Cal. Bus. & Prof. Code § 17602(a)(3);

ii)     Whether Defendant failed to provide an acknowledgment that describes a cost-effective, timely, and easy-to-use mechanism for cancellation in violation of Cal. Bus. & Prof. Code § 17602(b);

iii)    Whether Plaintiff and the Class Members are entitled to restitution of money paid in circumstances where the goods and services provided by Defendant are deemed an unconditional gift in accordance with Cal. Bus. & Prof. Code § 17603;

iv)    Whether Plaintiff and Class Members are entitled to restitution in accordance with Cal. Bus. & Prof. Code §§ 17200, 17203;

v)     Whether Plaintiff and Class Members are entitled to injunctive relief under Cal. Bus. & Prof. Code § 17203;

vi)    Whether Plaintiff and Class Members are entitled to attorneys' fees and costs under California Code of Civil Procedure § 1021.5; and

vii)   The proper formula(s) for calculating the restitution owed to Class Members.

25.     [Fed. R. Civ. P. 23(a)(3)]  Plaintiff's claims are typical of the claims of the members of the Class.  Plaintiff and all members of the Class have sustained injury and are facing irreparable harm arising out of Defendant's common course of conduct as complained of herein.  The losses of each member of the Class were caused directly by Defendant's wrongful conduct as alleged herein.

26.     [Fed. R. Civ. P. 23(a)(4)] Plaintiff will fairly and adequately protect the interests of the members of the Class.  Plaintiff has retained attorneys experienced in the prosecution of class actions, including complex consumer and mass tort litigation.

27.     [Fed. R. Civ. P. 23(b)(3)] A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.

- 11 -

Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented herein, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

28.     [Fed. R. Civ. P. 23(b)(1)(A)] The prosecution of separate actions by thousands of individual Class members would create the risk of inconsistent or varying adjudications with respect to, among other things, the need for and the nature of proper notice, which Defendant must provide to all Class members.

29.     [Fed. R. Civ. P. 23(b)(1)(B)] The prosecution of separate actions by individual class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

30.     [Fed. R. Civ. P. 23(b)(2)] Defendant has acted or refused to act in respects generally applicable to the Class, thereby making appropriate final injunctive relief with regard to the members of the Class as a whole.

## FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE ACKNOWLEDGMENT WITH AUTOMATIC RENEWAL TERMS AND INFORMATION REGARDING CANCELLATION POLICY

### (CAL. BUS. & PROF. CODE §§ 17602(a)(3), 17602(b))

**(By Plaintiff, on her own behalf and on behalf of the Class, against All Defendants)**

31.     The foregoing paragraphs are alleged herein and are incorporated herein by reference.

32.     Cal. Bus. & Prof. Code§ 17602(a)(3) provides:

(a) It shall be unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to do any of the following:

> (3) Fail to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer. If the offer includes a free trial, the business shall also disclose in the acknowledgment how to cancel and allow the consumer to cancel before the consumer pays for the goods or services.

33. Cal. Bus. & Prof. Code§ 17602(b) provides:

> "A business making automatic renewal or continuous service offers shall provide a toll-free telephone number, electronic mail address, a postal address only when the seller directly bills the consumer, or another cost-effective, timely, and easy-to-use mechanism for cancellation that shall be described in the acknowledgment specified in paragraph (3) of subdivision (a)."

34. Plaintiff and Class Members purchased Defendant's **ready-made meals** and related **products** for personal, family or household purposes. Defendant failed to provide an acknowledgement that includes the automatic renewal or continuous service offer terms, cancellation policy, and information on how to cancel in a manner that is capable of being retained by Plaintiff and Class Members.

35. As a result of Defendant's violations of Cal. Bus. & Prof. Code §§ 17602(a)(3) and 17602(b), Defendant is subject to all civil remedies under Cal. Bus. & Prof. Code § 17604 that apply to a violation of Article 9, of Chapter 1 of Part 3, of Division 7 of the Cal. Bus. & Prof. Code.

36. Plaintiff, on behalf of herself and Class Members, requests relief as described below.

/ / /

/ / /

/ / /

/ / /

## SECOND CAUSE OF ACTION

### VIOLATION OF THE UNFAIR COMPETITION LAW

### (CAL. BUS. & PROF. CODE§ 17200 *et. seq.)*

**(By Plaintiff, on her own behalf and on behalf of the Class, against All Defendants)**

37.     The foregoing paragraphs are alleged herein and are incorporated herein by reference.

38.     Cal. Bus. & Prof. Code § 17200, *et seq.* (the "UCL") prohibits unfair competition in the form of any unlawful or unfair business act or practice. Cal. Bus. & Prof. Code § 17204 allows "a person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL. Such a person may bring such an action on behalf of himself or herself and others similarly situated who are affected by the unlawful and/or unfair business practice or act.

39.     Since December 1, 2010, and continuing to the present, Defendant has committed unlawful and/or unfair business acts or practices as defined by the UCL, by violating Cal. Bus. & Prof. Code §§ 17602(a)(3) and 17602(b).  The public policy which is a predicate to a UCL action under the unfair prong of the UCL is tethered to a specific statutory provision.  *See* Cal. Bus. & Prof. Code §§ 17600, 17602.  In addition, besides offending an established public policy, Defendant's act or practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.  Further, the utility of Defendant's conduct is outweighed by the gravity of the harm to Plaintiff and Class Members.

40.     Plaintiff has standing to pursue this claim because she suffered injury in fact and has lost money or property as a result of Defendant's actions as set forth herein. Plaintiff purchased Defendant's **ready-made meals** and related **products** for personal, family, or household purposes.

41.     As a direct and proximate result of Defendant's unlawful practices described herein, Defendant has received, and continues to hold, unlawfully obtained

- 14 -

property and money belonging to Plaintiff and Class Members in the form of payments made for subscription agreements by Plaintiff and Class Members. Defendant has profited from its unlawful and/or unfair acts and practices in the amount of those business expenses and interest accrued thereon.

42.     Plaintiff and similarly-situated Class Members are entitled to restitution pursuant to Cal. Bus. & Prof. Code § 17203 for all monies paid by Class Members under the subscription agreements from December 1, 2010, to the date of such restitution at rates specified by law.  Defendant should be required to disgorge all the profits and gains it has reaped and restore such profits and gains to Plaintiff and Class Members, from whom they were unlawfully taken.

43.     Plaintiff and similarly situated Class Members are entitled to enforce all applicable penalty provisions pursuant to Cal. Bus. & Prof. Code § 17202, and to obtain injunctive relief pursuant to Cal. Bus. & Prof. Code § 17203.

44.     Plaintiff, on behalf of herself and Class Members, request relief as described below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

A.     That the Court determine that this action may be maintained as a class action under Rule 23(a) of the Federal Rules of Civil Procedure, and define the Class as requested herein;

B.     That the Court find and declare that Defendant has violated Cal. Bus. & Prof. Code § 17602(a)(3) by failing to provide an acknowledgement that includes the automatic renewal or continuous service offer terms, cancellation policy and information on how to cancel in a manner that is capable of being retained by Plaintiff and Class Members;

C.     That the Court find and declare that Defendant has violated Cal. Bus. & Prof. Code § 17602(b) by failing to provide an acknowledgment that describes a toll-free telephone number, electronic mail address, a postal address only when the seller

directly bills the consumer, or another cost-effective, timely, and easy-to-use mechanism for cancellation;

D.     That the Court find and declare that Defendant has violated the UCL and committed unlawful business practices by violating Cal. Bus. & Prof. Code § 17602.

E.     That the Court award to Plaintiff and Class Members damages and full restitution in the amount of the subscription payments made by them pursuant to Cal. Bus. & Prof. Code§ 17603, in an amount to be proved at trial;

F.     That Defendant be ordered to pay restitution to Plaintiff and the Class due to Defendant's UCL violations, pursuant to Cal. Bus. & Prof. Code §§ 17200-17205 in the amount of their subscription agreement payments;

G.     That the Court find that Plaintiff and Class Members are entitled to injunctive relief pursuant to Cal. Bus. & Prof. Code § 17203;

H.     That Plaintiff and the Class be awarded reasonable attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5, and/or other applicable law; and

I.     That the Court award such other and further relief as this Court may deem appropriate.

Dated:  March 12, 2018                    PACIFIC TRIAL ATTORNEYS, APC


                                          By: _/s/ Scott J. Ferrell_____
                                          Scott. J. Ferrell
                                          Attorney for Plaintiff

CERTIFICATE OF SERVICE